**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                                                : Chapter 13
Chaney, William
Chaney, Janet
      Debtors/ Respondents          :  16-12050 amc

**Answer to Motion of
<u>For Relief from Automatic Stay</u>**

      Debtors, William and Janet Chaney, by and through their undersigned attorney, hereby provides the following answers to the Motion for Relief from Stay filed by Specialized Loan Servicing LLC, as servicer for U.S. Bank National Association, as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-NC2, Mortgage Pass-Through Certificates, Series 2006-NC2.  These responses are made without prejudice to debtors' right to present additional facts or contentions at trial based upon information hereinafter obtained or evaluated. Debtors specifically reserves the right to supplement or amend their responses or present additional facts and contentions at a later date to any of the answers given.

      1.    Denied.  Denied.  The allegation contained herein are directed to a party other than the answering debtors, and they are denied as no response is required.

      2.    Admitted in part.  It is admitted that Debtors are the owners of the premises 3365 Ridge Ave, Philadelphia, PA 19132.  The remaining averments contained in this Paragraph are denied as they consist of a mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required.

      3.    Denied  The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required.

      4.    Admitted.

      5.    Denied as stated.  The filing of a bankruptcy petition immediately puts into effect the automatic stay, which prevents creditors from taking any further actions against the debtor or the debtor's property with respect to claims arising prior to commencement of the case. See 11 U.S.C. Section 362.  By way of further answer, the allegation contained herein are directed to a party other than the answering debtors, and they are denied as no response is required.  Proof thereof is demanded.

      6.    Denied.  Proof thereof is demanded.

      7.    Denied.  The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required. By way of further response, A mortgage

servicing company with no beneficial interest in the underlying mortgage does not have standing to file a motion for relief from the stay.  See In re Morgan, 225 B.R. 290(Bankr.E.D.N.Y.1998), vacated on other grounds sub nom.  In re Nunez, 2000 WL 655983 (E.D.N.Y. Mar. 17, 2000).

      8.    Denied.  Proof thereof is demanded.

      9.    Admitted.  Debtor did not realize that he missed a payment in January 2017 and will be sending the trustee a payment to cure the delinquency.

      10.    Denied.  The allegation is a legal conclusion of law to which no answer is required.

      11.    Denied.  Debtors can neither admit nor deny the allegations because Debtor has no personal knowledge of the accuracy of such statement.  Strict proof is hereby demanded.

For the reasons set forth above, among others, and based on this Court's authority under the Bankruptcy Code, the Debtors  pray that the motion be denied, and such other relief as is just and proper.  The Debtor specifically reserves the right to supplement the answer at or prior to the hearing thereon.

Dated:  July 29, 2017

"/s/" Mitchell J. Prince
John L. Mc Clain, Esquire
Mitchell J. Prince, Esquire
Attorneys for Debtors
P.O. Box 123
Narberth, PA 19072
(215) 893-9357